※JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DINA H. BOWEN, individually and on behalf of all others similarly situated,

## DEFENDANTS
NORTHLAND GROUP, INC. and ARROW FINANCIAL SERVICES, L.L.C.,

**(b)** County of Residence of First Listed Plaintiff   **Mobile**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Harry V. Satterwhite; Satterwhite, Buffalow, Compton & Tyler, L.L.C.; 1325 Dauphin Street, Mobile, Alabama 36604; 251-432-8120

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692

Brief description of cause:
Violation of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE  7-12-2011
SIGNATURE OF ATTORNEY OF RECORD  /s/ Harry V. Satterwhite

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Alabama

| | |
|---|---|
| DINA H. BOWEN, individually and on behalf of all others similarly situated, <br> *Plaintiff* <br> v. <br> NORTHLAND GROUP, INC. and ARROW FINANCIAL SERVICES, L.L.C. <br> *Defendant* | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  NORTHLAND GROUP, INC.
CT CORPORATION SYSTEM, Registered Agent
2 NORTH JACKSON STREET, SUITE 605
MONTGOMERY, ALABAMA  36104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Harry V. Satterwhite
Satterwhite, Buffalow, Compton & Tyler, L.L.C.
1325 Dauphin Street
Mobile, Alabama  36604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Alabama

| | | |
|---|---|---|
| DINA H. BOWEN, individually and on behalf of all others similarly situated, | ) | |
| *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| NORTHLAND GROUP, INC. and ARROW FINANCIAL SERVICES, L.L.C. | ) ) | |
| *Defendant* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  ARROW FINANCIAL SERVICES, L.L.C.
CT CORPORATION SYSTEM, Registered Agent
2 NORTH JACKSON STREET, SUITE 605
MONTGOMERY, ALABAMA  36104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Harry V. Satterwhite
Satterwhite, Buffalow, Compton & Tyler, L.L.C.
1325 Dauphin Street
Mobile, Alabama  36604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

Case 1:11-cv-00380-CB-C   Document 1   Filed 07/12/11   Page 5 of 15

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                    *Server's signature*

                                    _____
                                    *Printed name and title*

                                    _____
                                    *Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DINA H. BOWEN,<br>individually and on behalf of<br>all others similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>NORTHLAND GROUP, INC. and<br>ARROW FINANCIAL SERVICES,<br>L.L.C.,<br><br>　　Defendants. | CIVIL ACTION NO. 11-380 |

## CLASS ACTION COMPLAINT
## FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Dina H. Bowen ("Bowen") files this Complaint pursuant to Fed.R.Civ.P. 23, individually and on behalf of all others similarly situated against Northland Group, Inc. ("Northland") and Arrow Financial Services, L.L.C. ("Arrow"), and alleges as follows:

### I. INTRODUCTION

1.　This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2.　Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper under 28 U.S.C. § 1391(b) in that the defendants transact

business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Dina H. Bowen, is a natural person residing in Mobile County, Mobile, Alabama, and is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3).

4. Defendant, Northland Group, Inc., is a Minnesota corporation engaged in the business of collecting debts in this state with its principal place of business located at Edina, Minnesota. The principal purpose of Defendant Northland is the collection of debts using the mail and telephone, and Defendant Northland regularly attempts to collect debts alleged to be due another.

5. Defendant Northland is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

6. Defendant Arrow Financial Services, L.L.C., is an Illinois limited liability corporation engaged in the business of collecting debts in this state with its principal place of business located at Niles, Illinois. The principal purpose of Defendant Arrow is the collection of debts using the mail and telephone, and Defendant Arrow regularly attempts to collect debts alleged to be due another.

7. Defendant Arrow is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### IV. FACTUAL ALLEGATIONS

8. Northland was acting as a "debt collector" with respect to the collection of a debt allegedly owed by Plaintiff Bowen.

9. Plaintiff allegedly incurred a financial obligation to GE Capital that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

10. Sometime thereafter the alleged debt was consigned, placed or otherwise transferred from GE Capital to Defendant Arrow for collection from Plaintiff Bowen.

11. Sometime thereafter the alleged debt was consigned, placed or otherwise transferred from Defendant Arrow to Defendant Northland for collection from Plaintiff Bowen.

12. On May 6, 2011, Defendant Northland mailed a dunning letter demanding payment of a debt in the amount of $653.28 allegedly due Arrow. A copy is attached hereto as Exhibit A.

13. Exhibit A was received by Plaintiff Dina H. Bowen at her residence in Mobile, Alabama.

14. Said dunning letter and the envelope in which it was sent were in violation of the FDCPA.

15. Said dunning letter did not contain the proper and legal disclosures to Plaintiff Bowen in violation of the FDCPA.

16. Said envelope contained unlawful symbols in violation of the FDCPA.

17. As a result of the acts alleged above, Plaintiff suffered headaches, nausea, embarrassment, pain, anxiety and emotional distress.

## V. FIRST CLAIM FOR RELIEF

### FDCPA

18. Plaintiff repeats, realleges and incorporates by reference all above paragraphs.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

- (a) Section 1692(f). A debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.

- (b) Section 1692(f)(8). Using any language or symbol...on any envelope when communicating with a consumer...

- (c) Section 1692(g)(a). Within 5 days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

    ...

    - (3) a statement that unless the consumer, within 30 days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    - (4) a statement that if the consumer notifies the debt collector in writing within the 30 day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    - (5) a statement that, upon the consumer's written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. As a result of the above violations of the FDCPA, Plaintiff seeks actual damages, statutory damages, costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

### Negligent Hiring, Training, Auditing and Supervision

21. Plaintiff repeats, realleges and incorporates by reference all above paragraphs.

22. Defendant Northland was directly responsible for the hiring, training, auditing and supervision of its collectors.

23. Defendant Northland failed to exercise reasonable care in the hiring, training, auditing and supervision of its collectors.

24. Defendant Northland was directly responsible for the hiring, training, auditing and supervision of its employees.

25. Defendant Northland failed to exercise reasonable care in the hiring, training, auditing and supervision of its employees.

26. Defendant Northland and Defendant Arrow were negligent in the hiring training, auditing and supervision of personnel hired for the purpose of collecting funds from alleged debtors and consumers.

27. As a direct, proximate, and foreseeable consequence of Northland and Arrow negligently hiring, training, auditing and supervising its collectors, Defendant Northland and Defendant Arrow have violated the FDCPA and caused Plaintiff Bowen pain, anxiety and mental suffering.

## VII. CLASS ALLEGATIONS

### Class Definition

28. Plaintiff brings this action on her own behalf and pursuant to Fed. R. Civ. P. Rule 23(b)(1)(A), (b)(2), and/or (b)(3), as a class action on behalf of a statewide class of persons as defined as:

> All persons in the State of Alabama who received collection letters from Northland Group, Inc. that violated the FDCPA.

## Numerosity

29. The members of the class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Fed. R. Civ. P. Rule 23(a)(1) are met. Plaintiff does not know the exact number of class members, but is informed and believes that hundreds, if not thousands, of debtors have been sent unlawful and improper collection notices by Defendants. The class is ascertainable as the names and addresses of all class members can be identified in business records maintained by the Defendant.

## Commonality

30. The questions of law and fact common to the class include, *inter alia*:

   (a) whether the Defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(f) and (g);

   (b) whether Plaintiff and the Class have been injured by Defendants' conduct; and

   (c) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

The requirements of Fed. R. Civ. P. Rule 23(a)(2) are met.

## Typicality

31. The claims of the representative Plaintiff are typical of the claims of the class as a whole. If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief. Plaintiff is a member of the class and has suffered harm due to the unfair, deceptive, and unconscionable collection practices of Defendant. The requirements of Fed. R. Civ. P. Rule 23(a)(3) are met.

32.     Plaintiff has no interests adverse or antagonistic to the interest of other members of the class.

### Adequate Representation

33.     The representative Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto, pursuant to Fed. R. Civ. P. Rule 23(a)(4).

### Rule 23(b)(1)

34.     The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

35.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class.  Such incompatible standards and inconsistent or varying adjudications, on what would necessarily be the same essential facts, proof and legal theories would also create and allow to exist inconsistent and incompatible rights within the Plaintiff's case.

### Rule 23(b)(2)

36.     The Defendant has acted or refused to act on grounds generally applicable to the entire class, thereby making appropriate relief with respect to the class as a whole.

## Rule 23(b)(3)

37. The questions of law and fact common to members of the class and sub-classes predominate over any questions affecting only individual members.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that individual claims by the class members are impractical as the costs of pursuit far exceed what any one plaintiff or class member has at stake. Therefore, certification under Fed. R. Civ. P. Rule 23(b)(3) is appropriate.

WHEREFORE, Plaintiff Bowen respectfully prays that judgment be entered against the Defendant Northland and Defendant Arrow for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692(k);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other and further relief as may be just and proper.

## **PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY**

## VERIFICATION

I, DINA H. BOWEN, hereby certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

*[signature]*
DINA H. BOWEN

*[signature]*
HARRY V. SATTERWHITE
Attorney for Plaintiff

OF COUNSEL:
SATTERWHITE, BUFFALOW,
COMPTON & TYLER, L.L.C.
1325 Dauphin Street
Mobile, Alabama 36604
(251) 432-8120
(251) 405-0147 facsimile

## DEFENDANTS TO BE SERVED AS FOLLOWS:

NORTHLAND GROUP, INC.
CT CORPORATION SYSTEM, Registered Agent
2 NORTH JACKSON STREET, SUITE 605
MONTGOMERY, ALABAMA  36104

ARROW FINANCIAL SERVICES, L.L.C.
CT CORPORATION SYSTEM, Registered Agent
2 NORTH JACKSON STREET, SUITE 605
MONTGOMERY, ALABAMA  36104